IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

JOHN FRANKLIN GRISSINGER JR., )
                                )
      Plaintiff, )
                                )
 -vs- )   Civil Action No. 18-42
                                )
NANCY A. BERRYHILL,[1] )
COMMISSIONER OF SOCIAL SECURITY, )
                                )
      Defendant. )

AMBROSE, Senior District Judge

## **OPINION**

Pending before the court are Cross-Motions for Summary Judgment. (ECF Nos. 10 and 12). Both parties have filed Briefs in Support of their Motions. (ECF Nos. 11 and 13). After careful consideration of the submissions of the parties, and based on my Opinion set forth below, I am denying Plaintiff's Motion for Summary Judgment (ECF No. 10) and granting Defendant's Motion for Summary Judgment. (ECF No. 12).

## **I.**    **BACKGROUND**

Plaintiff brought this action for review of the final decision of the Commissioner of Social Security denying his applications for supplemental security income ("SSI") and disability insurance benefits ("DIB") pursuant to the Social Security Act ("Act"). Plaintiff alleges his disability began on June 10, 2011. On March 19, 2014, the Administrative Law Judge ("ALJ") found that Plaintiff was not disabled under the Act. (ECF No. 6-13, pp. 2-17). On appeal, this court remanded the case back to the ALJ. (ECF No. 6-13, pp. 26-32). On August 30, 2017, Plaintiff appeared and testified at a hearing held before a new ALJ, Leeanne Foster. (ECF No. 6-12, pp. 2-52). On October 30, 2017, ALJ Foster issued an unfavorable decision. (ECF No. 6-11, pp. 5-24).

---

[1] Nancy A. Berryhill became acting Commissioner of Social Security on January 23, 2017, replacing Carolyn W. Colvin.

After exhausting all administrative remedies, Plaintiff filed the instant action with this court. The parties have filed Cross-Motions for Summary Judgment. (ECF Nos. 10 and 12). The issues are now ripe for review.

## II. LEGAL ANALYSIS

### A. Standard of Review

The standard of review in social security cases is whether substantial evidence exists in the record to support the Commissioner's decision. *Allen v. Bowen,* 881 F.2d 37, 39 (3d Cir. 1989). Substantial evidence has been defined as "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate." *Ventura v. Shalala,* 55 F.3d 900, 901 (3d Cir. 1995), *quoting Richardson v. Perales,* 402 U.S. 389, 401 (1971). Additionally, the Commissioner's findings of fact, if supported by substantial evidence, are conclusive. 42 U.S.C. §405(g); *Dobrowolsky v. Califano,* 606 F.2d 403, 406 (3d Cir. 1979). A district court cannot conduct a *de novo* review of the Commissioner's decision or re-weigh the evidence of record. *Palmer v. Apfel,* 995 F.Supp. 549, 552 (E.D. Pa. 1998). Where the ALJ's findings of fact are supported by substantial evidence, a court is bound by those findings, even if the court would have decided the factual inquiry differently. *Hartranft v. Apfel*, 181 F.3d 358, 360 (3d Cir. 1999). To determine whether a finding is supported by substantial evidence, however, the district court must review the record as a whole. *See,* 5 U.S.C. §706.

To be eligible for social security benefits, the plaintiff must demonstrate that he cannot engage in substantial gainful activity because of a medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of at least 12 months. 42 U.S.C. §423(d)(1)(A); *Brewster v. Heckler,* 786 F.2d 581, 583 (3d Cir. 1986).

The Commissioner has provided the ALJ with a five-step sequential analysis to use when evaluating the disabled status of each claimant. 20 C.F.R. §404.1520(a). The ALJ must determine: (1) whether the claimant is currently engaged in substantial gainful activity; (2) if not,

2

whether the claimant has a severe impairment; (3) if the claimant has a severe impairment, whether it meets or equals the criteria listed in 20 C.F.R., pt. 404, subpt. P., appx. 1; (4) if the impairment does not satisfy one of the impairment listings, whether the claimant's impairments prevent him from performing his past relevant work; and (5) if the claimant is incapable of performing his past relevant work, whether he can perform any other work which exists in the national economy, in light of his age, education, work experience and residual functional capacity. 20 C.F.R. §404.1520. The claimant carries the initial burden of demonstrating by medical evidence that he is unable to return to his previous employment (steps 1-4). *Dobrowolsky*, 606 F.2d at 406. Once the claimant meets this burden, the burden of proof shifts to the Commissioner to show that the claimant can engage in alternative substantial gainful activity (step 5). *Id.*

A district court, after reviewing the entire record may affirm, modify, or reverse the decision with or without remand to the Commissioner for rehearing. *Podedworny v. Harris,* 745 F.2d 210, 221 (3d Cir. 1984).

### B. Weighing Opinion Evidence as it relates to the Residual Functional Capacity ("RFC")

RFC refers to the most a claimant can still do despite his/her limitations. 20 C.F.R. §§ 404.1545(a), 416.945(a). The assessment must be based upon all of the relevant evidence, including the medical records, medical source opinions, and the individual's subjective allegations and description of his own limitations. 20 C.F.R. § 416.945(a). In this case, the ALJ found Plaintiff has the RFC to perform sedentary work with certain physical and mental exceptions. (ECF No. 6-11, pp. 12-13). This appeal only involves certain mental limitations. *See,* ECF No. 11, pp. 16-20. With regard to the mental limitations, the ALJ stated as follows:

> He can understand, remember, and carry out simple instructions and make simple work-related decisions, can sustain an ordinary routine without special supervision, can work at a consistent pace throughout the workday but not at a production rate pace where each task must be completed within a strict time deadline, can tolerate occasional changes in work setting. He can tolerate occasional interaction with co-workers and supervisors and no interaction with

the public.

(ECF No. 6-11, pp. 12-13).

Plaintiff's only argument, essentially, is that the ALJ gave significant weight to certain portions of the opinion of the consultative examiner, Dr. Miller,[2] but failed to articulate why she did not account for her opinion that Plaintiff was moderately limited in his ability to understand and remember simple instructions, carry out simple instructions, and make judgments on simple work-related decisions, interact appropriately with co-corkers, and respond appropriately to usual work situations and to changes in a routine work setting. (ECF No. 11, pp. 16-20). Thus, Plaintiff submits that the ALJ should have included the moderate limitations set forth above in his RFC. (ECF No. 11, pp. 16-20). Further, Plaintiff summarily concludes that the ALJ failed to "acknowledge the conflict between her RFC determination and the remaining portions of Dr. Miller's medical opinion." (ECF No. 11, p. 18). Therefore, Plaintiff submits that the ALJ's RFC is not supported by substantial evidence. *Id.*

Here, the ALJ gave significant weight to the portions of Dr. Miller's opinion that Plaintiff was moderately limited to "understanding, remembering, and carry[ing] out simple instructions, making judgments on simple work-related decisions, interacting appropriately with co-workers, and responding appropriately to usual work situations and changes in a routine work setting." (ECF No. 6-11, p. 21). Dr. Miller's medical source statement defined moderate to mean Plaintiff's ability to function "in this area independently, appropriately, effectively, and on a sustained basis is fair." (ECF No. 6-2, p. 41). In other word, Plaintiff still can perform the functions fairly. Based on the same, as well as all of the other evidence of record, including Plaintiff's testimony and activities of daily living, the ALJ crafted an RFC that sets forth the most

---

[2] The ALJ did not give significant weight to the portion of Dr. Miller's opinion that Plaintiff is markedly limited in his ability to interact appropriately with supervisors and the public. (ECF No. 6-11, p. 21). The ALJ explained the rational for her decision in detail. *Id.* Plaintiff does not take issue with this finding. (ECF No. 11, p. 18).

4

Plaintiff can do despite his limitations. (ECF No. 6-11, pp. 12-13). Among other things, the ALJ held that Plaintiff can do the following:

> He can understand, remember, and carry out simple instructions and make simple work-related decisions, can sustain an ordinary routine without special supervision, can work at a consistent pace throughout the workday but not at a production rate pace where each task must be completed within a strict time deadline, can tolerate occasional changes in work setting. He can tolerate occasional interaction with co-workers and supervisors and no interaction with the public.

(ECF No. 6-11, pp. 12-13). I am able to make a proper and meaningful review based on the evidence and find that such restrictions sufficiently accommodate the moderate limitations at issue here. Furthermore, I find they are supported by substantial evidence. (ECF No. 6-11, pp. 5-24). Consequently, I find no error in this regard.

An appropriate order shall follow.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

JOHN FRANKLIN GRISSINGER JR., )
        Plaintiff, )
  -vs- ) Civil Action No. 18-42
NANCY A. BERRYHILL,[3] )
COMMISSIONER OF SOCIAL SECURITY, )
        Defendant. )

AMBROSE, Senior District Judge

## **ORDER OF COURT**

THEREFORE, this 18th day of March, 2019, it is ordered that Plaintiff's Motion for Summary Judgment (ECF No. 10) is denied and Defendant's Motion for Summary Judgment (ECF No. 12) is granted.

        BY THE COURT:

        s/ Donetta W. Ambrose
          Donetta W. Ambrose
          United States Senior District Judge

---

[3] Nancy A. Berryhill became acting Commissioner of Social Security on January 23, 2017, replacing Carolyn W. Colvin.